# EXHIBIT A

# METCALFE & ATKINSON, LLC

ATTORNEYS AT LAW

January 3, 2020

**Via Certified Mail**
**Restricted Delivery**
Jerry B. Adger, Director
S.C. Department of Probation, Parole, and Pardon
2221 Devine Street, Suite 600
Columbia, SC 29205

      RE:    Kristin Cosby vs. South Carolina Probation, Parole and Pardon Services
                Case No.: 2019-CP-23-07537

Dear Mr. Adger:

      Enclosed herewith and served on you as Director of the South Carolina Department of Probation Parole, and Pardon please find a copy of the Summons and Complaint in the above-referenced matter for the defendant, the South Carolina Department of Probation, Parole, and Pardon.

      With kind regards, I remain

                        Sincerely,

                        Courtney C. Atkinson
                        catkinson@malawfirmsc.com

CCA/awr

Enclosure

cc:    The Honorable Alan Wilson, Attorney General

RECEIVED

S.C Attorney General's Office
Civil Division

JAN 14 2020
Received by _CMO_
Reviewed by/Date _____
Referred to/Date _____
Notes: _____

JAN 14 2020
Referred to _Lynch/PB_
Answered _____

1395 SOUTH CHURCH STREET · PO BOX 1826 (29602) · GREENVILLE, SC 29605
PH 864-214-2319 · WWW.MALAWFIRMSC.COM · FX 864-214-3067

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE<br><br>Kristin Cosby,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>South Carolina Probation, Parole and Pardon Services,<br><br>　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>THIRTEENTH JUIDICAL CIRCUIT<br><br>2019-CP-23-_____<br><br>**SUMMONS**<br>(Jury Trial Requested) |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber at their office at 1395 S. Church Street, Greenville, SC 29605 within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

　　　　　　　　　　　　　　　　　　By: s/ Courtney C. Atkinson
　　　　　　　　　　　　　　　　　　　　Courtney C. Atkinson, SC Bar# 71992
　　　　　　　　　　　　　　　　　　　　Metcalfe & Atkinson, LLC
　　　　　　　　　　　　　　　　　　　　1395 S. Church Street
　　　　　　　　　　　　　　　　　　　　Greenville, SC 29605
　　　　　　　　　　　　　　　　　　　　Telephone (864) 214-2319
　　　　　　　　　　　　　　　　　　　　Facsimile (864) 214-3067
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

December 27, 2019
Greenville, South Carolina

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE<br><br>Kristin Cosby,<br><br>        Plaintiff,<br><br>vs.<br><br>South Carolina Department of Probation, Parole and Pardon Services,<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>THIRTEENTH JUIDICAL CIRCUIT<br><br>2019-CP-23-_____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

Plaintiff, Kristin Cosby, complaining of the Defendant, South Carolina Department of Probation, Parole and Pardon Services, hereby alleges and would show unto this Honorable Court as follows:

1. Plaintiff is a citizen and resident of Greenville County, South Carolina.

2. Defendant is a state agency with an office in Greenville County, South Carolina, where it employs various individuals.

3. Some or all of the unlawful acts being complained of in this action, for which relief is sought against Defendant, were committed in Greenville County, South Carolina.

4. Plaintiff, at all times relevant to this action, was employed by Defendant in Greenville County, South Carolina.

5. Jurisdiction and venue before this Court is proper.

## FACTUAL ALLEGATIONS

6. Defendant is a large state agency that exists to, among other duties, supervise criminal offenders placed on probation and/or parole by the South Carolina Court system. In the course thereof, Defendant employs a large number of individuals throughout the State of South

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

Carolina, including in Greenville County. Defendant's Director also serves as a member of the South Carolina Law Enforcement Training Council (LETC), which is the credentialing body for individuals working in law enforcement in South Carolina and determines who can be certified to work in law enforcement.

7.      Plaintiff is an individual female citizen and resident of South Carolina who has worked in law enforcement the entirety of her adult life after serving in the United States Air Force and then graduating from the University of South Carolina with a degree in criminal justice. Plaintiff was previously certified by the LETC to work in law enforcement in South Carolina.

8.      Plaintiff was originally hired by Defendant in 2006 before leaving to work for the Greenville County Sheriff's Office in 2010. Plaintiff applied to come back to work for the Defendant in 2012, but was not selected for the position for which she applied for and was expressly told that Defendant wanted to hire a male for the position. Thereafter, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC), contending that Defendant's refusal to hire her due to her gender was a violation of Title VII of the Civil Rights Act of 1964. Plaintiff was successful in that action and the Defendant was forced to rehire Plaintiff as an agent in 2012. Plaintiff remained employed by Defendant until December of 2019, at which time Defendant forced Plaintiff to resign from her employment following an investigation into Plaintiff that was initiated by Defendant in retaliation for having complained about discriminatory treatment and other practices on the part of her agent in charge and assistant agent in charge and for having engaged in legally protected activity by filing and pursuing her previous charge of discrimination against Defendant.

9.      Throughout her employment with Defendant, and prior to being forced to resign,

3

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

Plaintiff was an exemplary employee who generally always had positive performance reviews and received various other accolades. In fact, Plaintiff had risen through the ranks to become a supervisor and was nominated for supervisor of the year several times.

10. In or around the fall of 2018, and at such time as Plaintiff was applying for a promotion, Plaintiff's agent in charge (AIC) and assistant agent in charge (AAIC) began investigating Plaintiff for supposedly engaging in an inappropriate relationship with another employee and other related matters. Upon information and belief, they did so to disqualify Plaintiff from being considered for the promotion she was seeking. Plaintiff denied any and all such allegations and provided explanations for all behaviors about which she was questioned. Notwithstanding, and despite the fact that Plaintiff denied the allegations, which would not have amounted to any violation of the Defendant's rules even if true, Plaintiff's AIC and AAIC continued to question and harass Plaintiff about the allegations and engaged in a persistent course of hostile conduct against Plaintiff, which included seeking to have Plaintiff written up and/or disciplined. Plaintiff objected to the ongoing harassment, and Plaintiff's AIC and AAIC were subsequently advised by a regional director that there was no evidence that Plaintiff had done anything wrong, that no further action was to be taken in regard to the allegations and/or investigation, and that nothing was to be placed into Plaintiff's file about the allegations. Regardless of the Regional Director's instructions, Plaintiff's AIC and AAIC continued to harass Plaintiff.

11. Plaintiff made yet another complaint to Defendant about her AIC and AAIC's conduct in or around October 19, 2018, alleging that she was being subjected to a hostile work environment, discriminatory conduct based her gender and retaliaion. Again, no action was taken to investigate or to stop the complained of conduct. Instead, Plaintiff's AIC and AAIC

4

were advised of the complaint on November 7, 2019 and the very next day instituted yet another investigation into Plaintiff for an alleged incident that had occurred between Plaintiff and one of her subordinates more than three years prior during an off-duty party in May of 2015. That incident, even if true, was admittedly not a violation of any current policy and was something that Plaintiff had affirmatively reported to her previous AIC three years prior. Upon information and belief, this new investigation was undertaken in knowing and intentional retaliation for the complaint that Plaintiff made about her AIC and AAIC the day prior, to further prevent Plaintiff from seeking a promotion and in further retaliation for the previous charge of discrimination she had filed against Defendant with the EEOC.

12.     During the course of the new investigation, Plaintiff was repeatedly questioned about an off-duty party in May of 2015 and whether or not she had engaged in a sexual relationship with a subordinate at that party and otherwise. Plaintiff repeatedly maintained that she had had no such relationship with her former subordinate, but did disclose that the subordinate had attempted to engage in sexual activity with her at the party in May of 2015, a fact that Plaintiff had reported to her previous AIC back in May of 2015. Notwithstanding, and despite the fact that it would not have been a violation of any policy or rule to engage in such activity or relationship if true, an allegation which Plaintiff has always denied, Defendant forced Plaintiff to take a polygraph on the issue. In fact, Plaintiff, who suffers from PTSD for which she is medicated from her Air Force service, was forced to ride to Columbia for the polygraph with the AIC and AAIC she had complained and who had instituted the new investigation into retaliation for her complaint.

13.     Following the polygraph, the agent who administered same advised Plaintiff that he felt like she had not been honest and encouraged Plaintiff to write a statement acknowledging

5

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

sexual activity had occurred in order to "help herself." Upon the agent's repeated encouragement, and at such time as Plaintiff was suffering from heightened PTSD symptoms, Plaintiff wrote a statement again acknowledging the sexual activity that Plaintiff's former subordinate had attempted to engage in back in May of 2015, activity that Plaintiff has previously disclosed to Defendant on at least two previous occasions prior to the polygraph.

14. Following the polygraph in December of 2018, Defendant advised the Plaintiff that she could either resign or be subjected to any adverse action Defendant deemed appropriate as a result of the investigation and polygraph. Understanding from Defendant that she essentially had no choice and that Defendant would continue to retaliate against her, Plaintiff submitted her resignation to Defendant on December 19, 2018.

15. On January 3, 2019, and despite having previously accepted Plaintiff's letter of resignation on December 19, 2018, Defendant falsely reported to the LETC that Plaintiff's employment had been terminated by Defendant and further reported said "termination" as resulting from "MISCONDUCT." Defendant, whose Director serves as a member of the LETC, did so knowingly and intentionally in order to have Plaintiff's law enforcement certification revoked. As a direct and proximate result thereof, Plaintiff's certification was revoked as a result of Defendant's knowing and intentional conduct. Upon information and belief, Defendant took such action in knowing and intentional retaliation for Plaintiff's previous complaints and charge of discrimination against Defendant.

16. Since January 3 2019, Plaintiff has been unable to regain her certification and had her certification permanently revoked as a result of her objections to the Defendant's actions. As a direct result, Plaintiff has been unable to work in the field for which she is trained and in which she had worked her entire adult life. This has severely impeded

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

Plaintiff's ability to earn a living and support herself and her child.

17.     Prior to being forced to resign in December of 2019, Plaintiff was subjected to a persistent course of discriminatory conduct on the basis of her gender and also related to her previous charge of discrimination against the Defendant, which included both being subjected to a hostile work environment and disparate treatment in relation to her similarly situated male colleagues.  Such treatment included Plaintiff being constantly investigated for unfound accusations, ongoing harassment from her supervisors and other treatment not directed at Plaintiff's similarly situated male colleagues.  Such disparate treatment also included Plaintiff being subjected to much harsher punishment than her similarly situated male colleagues and female colleagues who did not complain of discrimination or harassment, as evidenced by Defendant investigating Plaintiff for what Defendant admits was not a violation of any rule, forcing Plaintiff to resign following said investigation and reporting to the South Caroline Law Enforcement Training Council (LETC) that Plaintiff had engaged in willful misconduct so as to have Plaintiff's law enforcement certification revoked.  Similar actions were not taken against Plaintiff's similarly situation male colleagues and/or other female colleagues who had not previously complained about their supervisors and/or Defendant to the EEOC.

18.     Plaintiff was subjected to a hostile work environment on the basis of her gender and in retaliation for having previously filed and won a charge of discrimination against Defendant with the EEOC that included conduct, which was severe, pervasive and constant.  Such conduct included her male colleagues and supervisors constantly harassing Plaintiff and investigating Plaintiff for unfound accusations and other matters that were not a violation of any rule of policy.  Plaintiff reported this conduct to Defendant, even advising Defendant that she was afraid of her male supervisors.  Regardless, Defendant took no action to stop the conduct

complained of. Instead, Defendant allowed the same supervisors whom Plaintiff has complained about to open another investigation into Plaintiff just days after Plaintiff filed her complaint to Defendant. Thereafter, Defendant forced Plaintiff to resign and then falsely reported to the LETC that Plaintiff had been terminated for having engaged in willful misconduct.

19. Plaintiff filed a Charge of Discrimination with the EEOC on September 25, 2019, complaining of the same discrimination and retaliation outlined in this Complaint, including claims under Title VII of the Civil Rights Act of 1964. The EEOC ultimately ended its investigation into Plaintiff's Charge and issued Plaintiff a Notice of Right to Sue on September 30, 2019. *See* EEOC Notice, attached hereto as **Exhibit A**. In pursuing the above-referenced Charge of Discrimination and in receiving the attached Notice of Right to Sue from the EEOC, Plaintiff has administratively exhausted her claims for discrimination and retaliation under Title VII as outlined in this Complaint.

### FOR A FIRST CAUSE OF ACTION
**(Title VII of the Civil Rights Act of 1964 – Discrimination)**

20. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

21. Plaintiff is a female and, therefore, falls within the class of employees protected by Title VII of the Civil Rights Act of 1964, as amended (Title VII).

22. Defendant discriminated against Plaintiff on the basis of her gender by treating her differently than her similarly situated male colleagues, as set forth more fully above, including, but not limited to, disciplinary actions and the various other terms and conditions of her employment.

23. Defendant further discriminated against Plaintiff on the basis of her gender by knowingly allowing Plaintiff's male supervisors to engage in the conduct more fully set forth

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

above. As set forth more fully above, such conduct includes, but is not limited to, Plaintiff's male supervisors harassing Plaintiff and creating a hostile work environment by treating her differently than Defendant's male employees, constantly investigating her for various matters that were not a violation of any rule or policy and for which similarly situated males were not investigated for, disciplining her more harshly therefore, taking actions to prevent her from receiving actions and by failing to take action in regard to Plaintiff's complaints. Plaintiff contends that all such conduct was severe and pervasive conduct, was based on her gender and was so intolerable that no reasonable employee could be expected to endure the same treatment.

24. By virtue of the above-outlined conduct, Defendant subjected Plaintiff to unlawful gender discrimination in violation of Title VII.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, and is entitled to an award of all relief available under Title VII, including back and front pay, value of lost benefits, compensatory damages, punitive damages, attorney fees, costs and pre- and post-judgment interest.

### FOR A SECOND CAUSE OF ACTION
(Title VII of the Civil Rights Act of 1964 – Retaliation)

26. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

27. Plaintiff participated in protected conduct under Title VII, both by filing a charge of discrimination against Defendant with the EEOC and by complaining to Defendant about the above-referenced discrimination and harassment.

28. Instead of taking appropriate action to investigate and remedy the conduct complained of, as a direct and proximate result of Plaintiff's pursuit of her legal rights under Title VII, including, but not limited to, complaints to Defendant about harassment and

9

discrimination she was being subjected to on the basis of her gender and her previous charge of discrimination, Defendant intentionally retaliated against Plaintiff in multiple respects more fully outlined above, including, but not limited to, the constructive termination of Plaintiff's employment in December of 2018 and subsequently making a false report to the LETC that Plaintiff's employment had been terminated by the Defendant related to misconduct.

29. Defendant's adverse treatment of Plaintiff, as more fully addressed and detailed above, was at least partially in retaliation for Plaintiff's pursuit of her rights under Title VII, the various complaints she made to Defendant about the discrimination she was suffering in the workplace from her supervisors, and, upon information and belief, the previous charge of discrimination she filed against Defendant with the EEOC. This is directly evidenced by, among other things, the timing of the investigation that resulted in Plaintiff's forced resignation and fact that the matters at issue in said investigation were admittedly not a violation of any of Defendant's rules and/or policies.

30. As a direct and proximate result of Defendant's illegal retaliation, Plaintiff has suffered and will continue to suffer damages, and is entitled to an award of all relief available under Title VII, including lost wages, lost benefits, compensatory and punitive damages, and all attorney's fees and costs.

### FOR A THIRD CAUSE OF ACTION
### (Fraud)

31. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

32. As set forth in greater detail above, Defendant made knowingly false and material representations to the LETC about Plaintiff and the separation of her employment from the Defendant in order to have Plaintiff's law enforcement certification suspended and to prevent

Plaintiff from working.

33. Defendant's false representations were knowingly false, made with the intent that the LETC act upon them in revoking Plaintiff's law enforcement certification and also made with the intent of preventing Plaintiff from being able to work in the field where she is trained and has all of her relevant work experience. Defendant's false representations were, in fact, reasonably relied upon and have had the intended result of Plaintiff's law enforcement certification being revoked and have further prevented Plaintiff from obtaining work in the law enforcement field.

34. As a direct and proximate result of Defendant's fraudulent statements and other's reliance thereon, Plaintiff has suffered damages and is entitled to an award of actual and punitive damages from Defendant.

### FOR A FOURTH CAUSE OF ACTION
### (Defamation)

35. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

36. As set forth more fully above, Defendant has made knowingly negative and false statements about Plaintiff to various third parties, including the LETC, to prevent her from being able to work in the field of law enforcement.

37. Said statements were made in the presence of and/or published to various third parties and were made by Defendants with the intent of harming Plaintiff, her reputation and her ability to work in the field of law enforcement.

38. As a direct and proximate result of the negative and untrue statements made by Defendant about Plaintiff, Plaintiff has suffered damage to her reputation, her certification to work in law enforcement and her ability to find employment.

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

39.  As a result of Defendant's above-referenced conduct and the resulting damages to Plaintiff, Plaintiff is entitled to an award of actual and punitive damages against Defendant.

WHEREFORE, Plaintiff respectfully requests a trial by jury on each of her claims against Defendant and prays for an award of all available damages and relief against Defendant, including, but not limited to, an award of lost wages, including lost fringe and employee benefits, actual and consequential damages, liquidated damages, punitive damages, any other available damages, attorneys' fees and costs, and pre-judgment interest, and for any such other and further relief as the Court may deem just and proper.

By: s/Courtney C. Atkinson
Courtney C. Atkinson, S.C. Bar #71992
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, South Carolina 29605
(864) 241-2319
*Attorney for Plaintiff*

December 27, 2019
Greenville, South Carolina

# EXHIBIT A

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

ELECTRONICALLY FILED - 2019 Dec 27 3:22 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2307537

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Kristin Cosby
307 Marsh Creek Dr.
Mauldin, SC 29662

**From:** Greenville Local Office
301 North Main St
Suite 1402
Greenville, SC 29601

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 436-2019-01716 | Ashley D. Smith, Investigator Support Assistant | (864) 241-4409 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[X] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_signature_    SEP 30 2019

Patricia B. Fuller,
Local Office Director

Enclosure(s)

cc: Patrice Boyd-McAdams
Human Resources
SC DEPT OF PROBATION
2221 Devine St
Suite 12
Columbia, SC 29205